UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COURTNEY BECKFORD, *pro se*,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Petitioner,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM & ORDER**
　　　　　-against-　　　　　　　　　　　　　　　:　　13-cv-2208 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Respondent.　　　　　　　:
-----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

*Pro se*[1] petitioner Courtney Beckford ("Petitioner") filed this petition for a writ of *habeas corpus*, challenging his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally* Dkt. Entry No. 1 ("Petition"). On January 10, 2012, Petitioner pled guilty to one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349 and one count of mail fraud in violation of 18 U.S.C. § 1341. *See generally* Dkt. 09-CR-525, Entry Nos. 185, 355. On July 16, 2012, this Court sentenced Petitioner to thirty-seven months of imprisonment followed by three years of supervised release and repayment of restitution in the amount of $779,900.42. *See generally* Dkt. 09-CR-525, Entry No. 548. Petitioner challenges his sentence on the ground that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Petition at 2. Pursuant to Section 2255, Petitioner also requests an evidentiary hearing to further develop the record regarding the merits of his claim. *Id.* at 5. For the reasons set forth below, the Petition and Petitioner's demand for an evidentiary hearing are denied.

---

[1]　In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations, and internal quotation marks omitted).

1

## BACKGROUND

On January 10, 2012, immediately prior to the commencement of trial by the swearing-in of the jury, Petitioner pled guilty, without a plea agreement, to counts one and twelve of the superseding indictment, which respectively charged Petitioner with conspiracy to commit mail and wire fraud and mail fraud. *See generally* Dkt. 09-CR-525, Entry Nos. 185, 355. On July 16, 2012, this Court sentenced Petitioner to thirty-seven months of imprisonment, to be followed by three years of supervised release, and ordered that Petitioner pay restitution in the amount of $779,900.42. *See generally* Dkt. 09-CR-525, Entry No. 548. At the sentencing hearing, the Court advised Petitioner of his right to appeal, stating as follows: "You are advised, Mr. Beckford, that you have a right to appeal from the sentence and judgment that has been imposed by the Court. If you do wish to so appeal, you must do so within ten days of the final entry of judgment in this case." Tr. of July 16, 2012 Sentencing Hr'g, Dkt. Entry No. 9-2, at 36:4-8. Petitioner did not appeal his conviction to the Second Circuit Court of Appeals.

On April 8, 2013, Petitioner filed the instant motion, pursuant to Section 2255, on the grounds that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because he requested that his counsel file an appeal of his conviction and his counsel failed to do so. *See* Petition at 2. Petitioner claims that "after being sentence[d], counsel consulted with petitioner regarding his right to appeal the sentence." *Id.* at 3; *See also* Affidavit of Courtney Beckford ("Beckford Aff."), Dkt. Entry No. 1 at ¶ 3. He further claims that "in no uncertain terms, [Petitioner] did inform counsel that he wishe[d] to take an appeal of the sentence and conviction," and "[c]ounsel assured petitioner that he would file [a] notice of appeal." *Id.*

On April 17, 2013, the Court requested that the government show cause why Petitioner's motion should not be granted. *See* Order to Show Cause, Dkt. Entry No. 2. In response to the

order to show cause, the government requested that the Court issue an order, pursuant to *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), compelling Petitioner's counsel, Mr. Gary S. Villanueva, to submit a declaration responding to Petitioner's claim that he requested Mr. Villanueva file a notice of appeal and Mr. Villanueva failed to do so. *See* Response to Order to Show Cause ("Gov't Opp'n"), Dkt. Entry No. 5, at 1. On May 13, 2013, the Court issued an order compelling Mr. Villanueva to respond to Petitioner's claim, and further ordered the government to supplement its response to Petitioner's claim following receipt of Mr. Villanueva's declaration. On May 6, 2013, the government submitted a letter to the Court indicating that "[d]espite multiple efforts to reach out to Mr. Villanueva since [the Court's April 17, 2013 Order] to obtain his recollection of the events in question, the government ha[d] not yet been able to speak with Mr. Villanueva." *See* Gov't Ltr. dated May 6, 2013, Dkt. Entry No. 4. The Court granted the government additional time to obtain a declaration from Mr. Villanueva. On June 14, 2013, the government filed a supplemental response to the Petition, which included a declaration from Mr. Villanueva. *See generally* Response to Order to Show Cause ("Gov't Supp. Opp'n"), Dkt. Entry No. 9; Declaration of Gary S. Villanueva ("Villanueva Decl."), Dkt. Entry No. 9-1.

According to Mr. Villanueva's declaration, "at no point did [Petitioner] request that I file a notice of appeal on his behalf." Villanueva Decl. at ¶ 4. Therefore, Mr. Villanueva "did not file a notice of appeal on [Petitioner's] behalf." *Id.* at ¶ 5. On July 8, 2013, Petitioner filed a reply to the government's response. *See* Petitioner's Reply ("Reply"), Dkt. Entry No. 10. In the Reply, Petitioner renewed his request for an evidentiary hearing, arguing that Mr. Villanueva's "credibility is debatable" given his delays in responding to the government's request for a declaration and Petitioner's request for documents related to his case. *See generally* Reply.

On November 25, 2014, Petitioner filed a letter with the Court requesting an update on his Petition, and asserting for the first time that his Section 2255 claim was premised on his counsel's "failure to conduct an adequate investigation into potential defenses or to research case law that may result in a lower sentence" and that "had [he] known that [he] would be sentenced for longer than a year, [he] never would have taken the guilty plea." Petitioner's Ltr. dated Nov. 25, 2014 ("Petitioner's Ltr."), Dkt. Entry No. 11 at 2-3.[2] The government did not respond to Petitioner's November 25, 2014 letter. On June 10, 2015, Petitioner was released from custody.

## DISCUSSION

### I. Ineffective Assistance of Counsel for Failure to File an Appeal

Petitioner contends that he requested that his counsel file a notice of appeal following his conviction and that his counsel's failure to do so violated his Sixth Amendment right to counsel. Petition 2-5. To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). When a defendant asks his lawyer to file an appeal and the lawyer fails to do so, the lawyer has been *per se* constitutionally ineffective. *See Restrepo v. Kelly*, 178 F.3d 634, 640 (2d Cir. 1999) (quoting *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994) (internal quotations marks omitted and emphasis original)) ("[I]f the defendant told his lawyer to appeal from the conviction, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the sixth amendment."). This of course is only true when the court finds that trial counsel in fact failed

---

[2] As Petitioner's November 25, 2014 letter is not paginated, the pages used herein are those assigned by the ECF system.

to file a requested notice of appeal. *See United States v. Moreno-Rivera*, 472 F.3d 49, 52 (2d Cir. 2006) (quoting *Garcia v. United States*, 278 F.3d 134, 137 (2d Cir. 2002)) ("What matters for purposes of that claim is whether [petitioner's] trial counsel 'fail[ed] to file a *requested* appeal.'") (emphasis original); *United States v. Rosario*, 2015 WL 4629453, at *5 (S.D.N.Y. Aug. 4, 2015) (citations omitted) ("[T]he district court must determine whether the defendant in fact requested that his attorney file an appeal.").

As a threshold matter, Petitioner requests that the Court hold an evidentiary hearing to develop the record on his counsel's allegedly ineffective assistance for failing to file an appeal. Petition at 5. "'[T]he district court is required to engage in fact-finding to determine if an appeal was requested.'" *Kapelioujnyi v. United States*, 779 F. Supp.2d 250, 253 (E.D.N.Y. 2009) *aff'd*, 422 F. App'x 25 (2d Cir. 2011) (quoting *Campusano*, 442 F.3d at 776). However, *Campusano* recognizes that the "district court has discretion to determine if a testimonial hearing will be conducted." *Campusano*, 442 F.3d at 776; *see also Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) (noting that "although a hearing may be warranted, that conclusion does not 'imply that a movant must always be allowed to appear in district court for a full hearing'").

"'The district court is permitted to expand the record to include affidavits or other written submissions in order to decide disputed facts.'" *Roberts v. United States*, 2014 WL 4199691, at *4 (E.D.N.Y. Aug. 22, 2014) (quoting *Kapelioujnyi*, 779 F. Supp.2d at 254 (citing *Chang*, 250 F.3d at 86)). "The decision whether to hold an evidentiary hearing on a 2255 motion is generally left to the discretion of the district court." *Swerbilov v. United States*, 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977)). Where, as here, the court has familiarity with the case, it can rely on such familiarity in dismissing

5

a petition without a hearing. *See Stokes v. United States*, 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001) (citing *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990)) ("A district court may rely on its own familiarity with the case and deny the motion without a hearing . . . .").

Here, Petitioner's trial attorney has submitted a declaration addressing Petitioner's claim. *See generally* Villanueva Decl. Additionally, Petitioner filed a response to Mr. Villanueva's declaration. *See generally* Reply. Given that both parties have supplemented the record, and the Court's familiarity with the case, the Court finds that an evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required. *See Chang*, 250 F.3d at 86. Accordingly, Petitioner's request for a hearing is denied.

Turning to the substance of Petitioner's claim, the Petition contains a sworn affidavit from the Petitioner that includes two sentences describing the circumstances in which he requested that his counsel file an appeal. The affidavit states: "I did make it clear to counsel that, 'yes' I wanted to appeal the sentence and the amount of money 'they said I owe,'" and that "[c]ounsel did assure me that he would file the notice of appeal on my behalf." Beckford Aff. at ¶¶ 4-5. Petitioner's affidavit does not include any other details surrounding his request that Mr. Villanueva file a notice of appeal.

Mr. Villanueva's one page declaration states that, "[a]t no point did [Petitioner] request that I file a notice of appeal on his behalf." Villanueva Decl. at ¶ 4. In response to Mr. Villanueva's declaration, Petitioner argues that the record is clear that no appeal was filed as requested since "there is no record entry regarding an appeal notice filed by counsel." Reply at 1. Mr. Villanueva admits as much in his declaration, stating that he "did not file a notice of appeal on [Petitioner's] behalf" because he was never asked to do so. Villanueva Decl. at ¶¶ 4-5. Petitioner's Reply does not add further detail regarding his request that Mr. Villanueva file a notice of appeal. Instead,

Petitioner contends that Mr. Villanueva's "credibility is debatable" because of his delays in responding to the government and the Petitioner. *See* Reply at 4. These delays to not warrant such a finding.

The totality of the evidence in the record supports a finding that Petitioner did not request an appeal. Petitioner provides only the conclusory assertion that he "[made] it clear to counsel that 'yes' [he] wanted to appeal." Beckford Aff. at ¶ 4. "Such bare assertions, offered without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel." *See Rosario*, 2015 WL 4629453, at *6 (citing *Garcia v. United States*, 2008 WL 683661, at *5 (S.D.N.Y. Mar. 14, 2008), *report and recommendation adopted*, 2008 WL 2446840 (S.D.N.Y. June 17, 2008) ("Garcia has said only in the most conclusory terms that he instructed his counsel to file a notice of appeal. He does not . . . detail the content or nature of such conversations . . . . He does not explain on what grounds he would have expected his attorney to have appealed. He does not provide any contemporaneous documents making the request or documents after the deadline for filing an appeal that reflect his complaints about [counsel's] failure to file the notice.")); *Lejhanec v. United States*, 1999 WL 1487594, at *9 (E.D.N.Y. Nov. 29, 1999) (denying Section 2255 claim where "the Court is faced with nothing more to support [petitioner's] claim . . . than [petitioner's] 'bare, unsubstantiated, thoroughly self-serving, and none too plausible statement' . . . [a]gainst an affirmation made under penalty of perjury by an officer of the Court that no such request was made").

Even if Petitioner's sworn and unsworn statements could be construed as describing the content and nature of his conversations with his counsel regarding appeal—which is doubtful—Petitioner provides no contemporaneous evidence of his request, or any communications regarding

7

appeal in the many months that followed his counsel's alleged failure to file a notice of appeal, or an explanation of the grounds on which he would have expected his counsel to appeal. Petitioner's conclusory assertion is insufficient to support a Section 2255 claim for ineffective assistance of counsel.

Additionally, Petitioner's delay filing his Petition undermines his claim that he requested that his counsel file a notice of appeal. Petitioner contends that the same day as his sentencing he informed his counsel that he wanted to appeal. Beckford Aff. at ¶¶ 3-4. Yet he did not bring the instant motion claiming ineffective assistance of counsel until more than eight months after he was sentenced. Similar delays have been found to weigh against a finding that a request for counsel to file a notice of appeal was actually made. *See, e.g.*, *Roberts*, 2014 WL 4199691, at *5 (rejecting ineffective assistance claim filed thirteen months after sentencing hearing); *Cruz-Santos v. United States*, 2010 WL 1372682, at *3 (S.D.N.Y. Mar. 30, 2010) (rejecting ineffective assistance claim filed eight months after he allegedly requested that his counsel file an appeal); *Nicholson v. United States*, 566 F. Supp.2d 300, 305 (S.D.N.Y. 2008) ("[T]o wait eight months to complain for the first time—in a § 2255 petition—that counsel had failed to file a notice of appeal, is more consistent with a fair inference that no request for such appeal was ever communicated to counsel.").

While Petitioner claims for the first time in his Reply that he attempted (on unspecified dates and times) to contact Mr. Villanueva during the more than sixty days between sentencing and surrendering to serve his sentence, and that Mr. Villanueva neither contacted Petitioner nor answered his calls during that period, Petitioner provides no further explanation for the remaining six months of delay. Reply at 3. First, Petitioner's Reply is not sworn testimony, and Petitioner's

unsworn statements are insufficient to refute Mr. Villanueva's contrary sworn testimony.[3] *See Cruz-Santos*, 2010 WL 1372682, at *3 ("Petitioner's failure to put forth any evidence supporting his unsworn allegation, in the face of his attorney's sworn statement that no request was made, supports a finding that Petitioner made no such request from his counsel."). Second, even assuming that Petitioner attempted to follow up with Mr. Villanueva during the approximately sixty days between his sentencing and surrender, Petitioner does not allege that any of his calls to Mr. Villanueva during the sixty days pertained to his appeal. *See* Reply at 3. It appears that Petitioner's sole substantiated contact with his counsel was a December 5, 2012 "request" to Mr. Villanueva for a "full copy of [his] file." *See* Exhibit E to Reply.[4] This letter does not reference Petitioner's appeal, and Petitioner does not offer any further evidence of any efforts made to inquire about the status of his appeal. "It would be reasonable to infer that [with respect] to a matter of such great import governed by such a short deadline, a person who has instructed counsel to file an appeal would, at minimum, want to know whether the request was carried out and make some reasonably prompt effort to obtain information about its status." *Nicholson*, 566 F. Supp.2d at 305.[5]

Furthermore, the Court also considers the unlikelihood that a petitioner who faced a potentially lengthy sentence at trial and received a significant reduction by pleading guilty would

---

[3] While Petitioner's certificate of service filed with his Reply was submitted under the penalty of perjury of 28 U.S.C. § 1746, Petitioner's Reply was not. Reply at 6.

[4] Indeed, Petitioner's subsequent letter to the New York Supreme Court ethics board does not mention that Petitioner had requested an appeal, only that he requested a "full copy of [his] file . . . so that [he would] not be precluded from[] filing [a] [Section] 2255." *See* Exhibit F-1 to Reply.

[5] The Court notes that Petitioner argues in his Reply that any contention that he waited in bringing his Petition is irrelevant since the statute of limitations for Section 2255 claims is one year and his Section 2255 claim is timely. Reply at 3. While Petitioner is correct that his Petition is timely, where the claim is based on a failure to file an appeal, courts routinely look at the timing between when counsel allegedly rendered ineffective assistance of counsel and when a petitioner claims ineffective assistance of counsel to determine the merits of such a claim. *See, e.g.*, *Roberts*, 2014 WL 4199691, at *5 (rejecting ineffective assistance claim based on the failure to file an appeal brought thirteen months after sentencing).

pursue an appeal. Here, Petitioner faced a maximum sentence of twenty years on each count, *see* 18 U.S.C. §§ 1349, 1341, and, as a result of his plea, he was sentenced to thirty-seven months. *See* Dkt. 09-CR-525, Entry No. 548. Similarly reduced sentences in the face of potentially significant imprisonment have weighed against a finding that Petitioner would have wanted to pursue an appeal. *See Davila-Bajana v. United States*, 2002 WL 2022646, at *4 (E.D.N.Y. June 26, 2002) (declining to hold an evidentiary hearing considering the "extreme unlikelihood that a defendant would wish to appeal a conviction that reduced a 151-188 month sentence to 60 months"); *See also Roberts*, 2014 WL 4199691, at *5 (citing *Davila-Bajana*, 2002 WL 2022646, at *4)) (considering the "extreme unlikelihood that petitioner, who faced a maximum of forty (40) years . . . would wish to appeal his conviction that resulted in a one hundred five (105) month sentence"). Given that Petitioner received a significantly reduced sentence by pleading guilty rather than proceeding to trial, the Court finds it unlikely that Petitioner would have wanted to appeal his conviction.

Accordingly, Petitioner's ineffective assistance of counsel claim for failure to file an appeal is rejected as without merit.

## II.     Ineffective Assistance of Counsel Regarding Advice on Pleading Guilty

Since Petitioner is proceeding *pro se*, the Court must liberally construe his November 25, 2014 letter to raise the strongest possible arguments. *See Erickson*, 551 U.S. at 94; *Triestman*, 470 F.3d at 474. While the letter requests an update on Petitioner's motion, the Court also construes it as a motion to amend the Petition to add additional grounds for Petitioner's ineffective assistance of counsel claim. *See United States v. Sesssa*, 2011 WL 256330, at *20 (E.D.N.Y. Jan. 25, 2011) (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the

second § 2255 motion as a motion to amend the pending § 2255 motion.")). In addition to Petitioner's counsel being ineffective for failing to file an appeal, Petitioner also asserts in his letter that his counsel failed to "conduct an adequate investigation into potential defenses," and failed adequately to advise Petitioner in accepting a plea, since had Petitioner known the sentence he would receive would be more than one year, "[he] would not have taken the guilty plea in the first place." Petitioner's Ltr. at 2-3.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. However, the Court may deny leave to amend if amendment would be futile. *Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 2009) ("[A] district court may properly deny leave when amendment would be futile."). Section 2255 claims have a one-year statute of limitations, and, therefore, any new claims would be time-barred unless Petitioner can show that they relate back to his original timely filing. *See* 28 U.S.C. § 2255; *Payne v. United States*, 2014 WL 4385853, at *2 (E.D.N.Y. Sept. 4, 2014) (citing Fed. R. Civ. P. 15(c)(1)(B)) ("[Petitioner] must show that the new claims arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Rule 15 of the Federal Rules of Civil Procedure ("FRCP") permits an amendment that relates back to the original filing where "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The Supreme Court analyzed the relation back doctrine in the context of habeas petitions in *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that a new claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type of those the original pleading set

11

forth." *Id.* at 650. The petitioner in *Mayle* timely filed a habeas petition challenging, on Sixth Amendment grounds, the introduction at trial of a videotape of a witness. *Id.* at 651. After the statute of limitations had run, petitioner sought leave to amend his petition to assert a claim that his own statements introduced at trial were inadmissible under the Fifth Amendment. *Id.* at 651-52. The Supreme Court rejected the petitioner's argument that the same "conduct, transaction, or occurrence" meant the same "trial, conviction, or sentence," and held that the amendment did not relate back because it and the original claim were not tied to "a common core of operative facts." *Id.* at 664 (citation and internal quotation marks omitted).

Here, Petitioner cannot satisfy the requirements of *Mayle*. The original Petition timely asserted a claim for ineffective assistance of counsel for failure to file an allegedly requested appeal. *See generally* Petition. However, Petitioner's letter asserts new and factually distinct grounds for relief that differ in both time and type from his original petition that was filed more than two years earlier. Notably, Petitioner does not provide any reason why his additional claims could not have been asserted at the time of his original Petition. While the Petition is based on alleged conversations and conduct by Petitioner's counsel *after* his conviction, relating to a request for Petitioner's counsel to file an appeal, Petitioner's amendment relates to alleged conduct and conversations with Petitioner's counsel *before* Petitioner was convicted, regarding advice given to Petitioner about a guilty plea. Accordingly, the new claims "rely on evidence independent from the factual bases for the ineffective assistance of counsel claims contained in [the original] petition," and, as the claims do not relate back, they are untimely. *See Payne*, 2014 WL 4385853, at * 2. Accordingly, to the extent Petitioner's November 25, 2014 letter seeks leave to amend the Petition, Petitioner's motion is denied as futile.

## **CONCLUSION**

For the reasons set forth above, the Petition is denied in its entirety, and Petitioner's request for an evidentiary hearing is denied as unnecessary. Petitioner's motion for leave to amend his Petition also is denied as futile. Petitioner further is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). SO ORDERED.

Dated: Brooklyn, New York
September 26, 2017

/s/
DORA L. IRIZARRY
Chief Judge